THE CITY OF SPRINGFIELD, Plaintiff-Appellee, *v.* LARRY HALL, Defendant-Appellant.

Fourth District    No. 16468

Opinion filed February 24, 1981.—Rehearing denied March 31, 1981.

J. Steven Beckett, of Reno, O'Byrne & Kepley, of Champaign, and Daniel K. Cray, law clerk, for appellant.

Robert J. McCormick, Assistant Corporation Counsel, of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted of operating a movie theater without a license, a violation of the Springfield City Code, section 42A.2, and fined

§25. On appeal he argues that the City's theater license ordinance, chapter 42A of the City Code, is unconstitutional. The City concedes the unconstitutionality of certain sections in the ordinance but believes that they are severable and that 42A.2 is valid by itself. The admittedly unconstitutional portions are section 42A.4(4) and (5), which require an applicant to reveal to the licensing authority whether a previous license issued to him has been suspended or revoked and whether he has been convicted of a felony; 42A.6, which prohibits the issuance of a license to a person who is "not of good character and reputation in the community," who has had a previous license revoked, or who has been convicted of offenses related to morality, such as "keeping a house of ill fame" or pandering; and 42A.8(2) and (4)(b), which grant the mayor the power to order unrestricted inspections of licensed theaters and to suspend or revoke the license of one who permits an unlawful or immoral "practice" on the premises.

The trial judge did not expressly declare unconstitutional any portion of the theater license ordinance but ruled that severability saved the licensing requirement. Because the trial court dealt with this question only impliedly, we will briefly examine the objectionable aspects of the ordinance.

■■ Although the defendant did not apply for a license, he has standing to challenge his conviction because the ordinance is unconstitutional on its face. (*Staub v. Baxley* (1958), 355 U.S. 313, 319, 2 L. Ed. 2d 302, 309, 78 S. Ct. 277, 281.) Films are a medium of expression protected by the first and fourteenth amendments. (*Joseph Burstyn, Inc. v. Wilson* (1952), 343 U.S. 495, 502, 96 L. Ed. 1098, 1106, 72 S. Ct. 777, 781.) Thus, any restrictions on exhibiting films must pass constitutional muster. To this end, the standards in a licensing scheme may not vest the administrator with discretion or permit refusal of licenses on invalid bases. (*City of Chicago v. Groffman* (1977), 68 Ill. 2d 112, 368 N.E.2d 891.) An ordinance that contains invalid restrictions on protected forms of expression operates as a prior restraint, subjecting the expression to that advance approval of authority. In a case involving parade permits, the Supreme Court said:

> "For in deciding whether or not to withhold a permit, the members of the Commission were to be guided only by their own ideas of 'public welfare, peace, safety, health, decency, good order, morals or convenience.' This ordinance as it was written, therefore, fell squarely within the ambit of the many decisions of this Court over the last 30 years, holding that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional." *Shuttlesworth v. Birmingham* (1969), 394 U.S. 147, 150-51, 22 L. Ed. 2d 162, 167, 89 S. Ct. 935, 938.

■■ Although not all prior restraints are invalid (*Near v. Minnesota ex rel. Olson* (1931), 283 U.S. 697, 715-16, 75 L. Ed. 1357, 1367, 51 S. Ct. 625, 631), they are presumed invalid (*Bantam Books, Inc. v. Sullivan* (1963), 372 U.S. 58, 70, 9 L. Ed. 2d 584, 593, 83 S. Ct. 631, 639). For example, any prior restraint of motion pictures must comply with procedural rules designed to guarantee prompt judicial consideration of the question of obscenity; the burden in such cases lies on the censor, both in initiating proceedings and in persuading the court. (*Freedman v. Maryland* (1965), 380 U.S. 51, 13 L. Ed. 2d 649, 85 S. Ct. 734.) Subsequent punishment is bad enough, but prior restraints are worse. They are offensive because they purport to predict the content of expression before it is uttered; this preempts the forum and poses the very real danger of censorship with a heavy hand, a hand that cannot distinguish protected acts from unprotected. *Nebraska Press Association v. Stuart* (1976), 427 U.S. 539, 559, 49 L. Ed. 2d 683, 697-98, 96 S. Ct. 2791, 2803; *Southeastern Promotions, Ltd. v. Conrad* (1975), 420 U.S. 546, 558-59, 43 L. Ed. 2d 448, 459, 95 S. Ct. 1239, 1246-47; Emerson, *The Doctrine of Prior Restraint*, 20 Law and Contemp. Prob. 648 (1955).

Given the unconstitutionality of parts of the theater license ordinance, we must next determine whether those parts are severable, leaving in force if not completely intact the licensing requirement. To bolster its severability argument the City suggests one possible justification for the truncated ordinance: that it insures compliance with building and safety codes by providing the City with information on the locations and owners of theaters.

One test for severability is found in *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 540, 236 N.E.2d 698, 704:

> "The settled and governing test of severability is whether the valid and invalid provisions of the Act are 'so mutually "connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently * * *." ' [Citation.] The provisions are not severable if 'they are essentially and inseparably connected in substance.' [Citations.]"

■■ The theater license ordinance does not contain its own severability clause, but the City Code has a general one applicable by its own terms to all sections of the code. The presence or absence of a severability clause in a particular statute or ordinance is some evidence of the result intended by the legislature should the law be found partially invalid. (*Champlin Refining Co. v. Corporation Com.* (1932), 286 U.S. 210, 235, 76 L. Ed. 1062, 1078, 52 S. Ct. 559, 565.) *Williams v. City & County of Denver*

(1979), ___ Colo. ___, 607 P.2d 981, dealt with the severability of invalid parts of an "adult use" ordinance. The ordinance required that owners of adult uses be licensed to operate and gave its administrator power to deny licenses on the basis of any one of several reasons listed in the disjunctive: the license could be denied if the applicant was "not of good character," if the entertainment offered was "immoral or dangerous," or if the building was not "fit or proper" or did not satisfy certain safety codes. As this summary of the ordinance shows, an applicant did not automatically receive a license even if in compliance with the safety codes. The State supreme court concluded that the invalid discretionary provisions were essential to the ordinance and that leaving the ordinance standing with the valid portions, such as the reference to building codes, as the only requirements would in effect rewrite the legislature's expression. The licensing requirement fell with the invalid standards.

■■ All the restrictions on the issuance of licenses in Springfield's theater license ordinance are clearly and admittedly invalid, and without these the ordinance is only an empty shell. One saving theory suggested by the City is that because the invalid portions pertain to an applicant's character rather than to the content of the films featured, the City council was thinking in terms of safety rather than censorship. This does not rehabilitate the requirement that operators have licenses, however, for the total absence of any requirement in the ordinance that an applicant comply with applicable safety codes negates that theory. And as *Williams* shows, references to safety codes are insufficient to sustain the licensing requirement of an ordinance overloaded with invalid criteria. The invalid portions of the theater license ordinance are not severable, and the whole ordinance is invalid as an ensemble. We therefore reverse the defendant's conviction.

Reversed.

GREEN and WEBBER, JJ., concur.